lieve that an approaching train would stop before running over the crossing, and if then in a place of danger, he would have sufficient opportunity to take a position of safety. But it is clear that it was the duty of the decedent to observe the approach of the train in question, whatever its speed. It being his duty to observe the train, and not knowing, in view of the custom claimed, whether it would stop or only slow down before crossing Austin avenue, we fail to understand how he might voluntarily and apparently unnecessarily take a position on the track where he would be certain to be run over by an eastbound train, not stopping, whether it ran at the usual rate of speed or at a reduced rate of speed. We think it manifest that the decedent failed to exercise ordinary care under all the circumstances; and under the rules of law mentioned he was guilty of negligence that proximately contributed to his death.

The judgment is affirmed.

*Affirmed.*

**Equitable Trust Company of New York, Plaintiff in Error, v. Louis M. Cohn, Defendant in Error.**

**Gen. No. 18,239.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed November 24, 1913.

### Statement of the Case.

Action by Equitable Trust Company of New York, a corporation, against Louis M. Cohn to recover on a written instrument executed by defendant in which defendant promised to pay the balance of first annual

premiums on a life insurance policy. From a judgment for defendant, plaintiff brings error.

PERCIVAL STEELE, for plaintiff in error; HARVEY L. CAVENDER, of counsel.

EDWARD H. MORRIS and T. WEBSTER BROWN, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

This case *held* to be controlled by the decision in the *Equitable Trust Co. of New York v. Harger*, 258 Ill. 615, in which it was held that the same party as plaintiff was not entitled to recover on a similar writing, under similar circumstances.

---

### Columbian Three Color Company, Plaintiff in Error, v. Aetna Life Insurance Company, Defendant in Error.

### Gen. No. 18,276.

1. INDEMNITY, § 11*—*when conditions in policy for indemnity insurance waived*. Where a casualty company after being notified pursuant to the terms of the policy takes charge of and conducts the defense of the assured, when it knows, or in the exercise of ordinary diligence should have known that the case was not covered by the policy, it waives the condition of the policy.

2. LIMITATION OF ACTIONS, § 66*—*when amended declaration sets up no new cause of action.* The amended declaration in an action on an indemnity insurance policy does not set up a new and different cause of action than that stated in the original declaration where the difference is only as to the dates stated in describing the policy sued upon which dates are merely descriptive of the policy and are laid under a *videlicet*.

3. PLEADING, § 432*—*use of videlicet.* The use of a *videlicet* is to avoid a variance and to avoid a positive averment which must be' strictly proved.